UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | [Proposed] Protective Order |
| v. | 21 Cr. 245 (ER) |
| ELVIN GERMAN, and VANESSA GOMEZ, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would prejudice, if prematurely disclosed, ongoing law enforcement investigations; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or defense counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Confidential Material so designated by the Government shall not be disclosed by the defendants or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. All Confidential Material possessed by the defense shall be maintained in a safe and secure manner.

3. Confidential Material may be disclosed by counsel to the following persons (hereinafter, "Designated Persons"):

(a) The defendants;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Potential witnesses ("Potential Witnesses") for purposes of defending this action; and

(d) Such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Confidential Material is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Confidential Material is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

4. The Government may designate Disclosure Material as Confidential Material by labeling such Disclosure Material as "Confidential." In the event of any dispute as to the Government's

designation of particular Disclosure Material as Confidential Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Material designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of Disclosure Material as Confidential Material shall be controlling.

5. The parties shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any other third party, except as set forth herein.

6. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, including the seized ESI Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever

date is later. If Confidential Material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on each defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____  Date:  04/25/2021
Danielle M. Kudla
Assistant United States Attorney


_____  Date: _____
Mark I. Cohen
Counsel for Elvin German


_____  Date: _____
Telesforo Del Valle, Jr.
Counsel for Vanessa Gomez

SO ORDERED:

Dated: New York, New York
       April 29, 2021

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____  Date: ___04/25/2021___
Danielle M. Kudla
Assistant United States Attorney

_____  Date: ___4/26/2021___
Mark I. Cohen
Counsel for Elvin German

_____  Date: _____
Telesforo Del Valle, Jr.
Counsel for Vanessa Gomez

SO ORDERED:

Dated: New York, New York
April 29, 2021

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

5

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____  Date: ___04/25/2021___
Danielle M. Kudla
Assistant United States Attorney


_____  Date: _____
Mark I. Cohen
Counsel for Elvin German


_____  Date: __04/29/2021__
Telesforo Del Valle, Jr.
Counsel for Vanessa Gomez

SO ORDERED:

Dated: New York, New York
 April 29, 2021

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

5